FILED
United States Court of Appeals
Tenth Circuit

April 20, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHARLES FURBER, as Personal
Representative of the Estate of Christina
Furber, deceased,

      Plaintiff - Appellant,

v.

SHELLY TAYLOR; CITY OF PUEBLO;
DON LEACH, Capt.,

      Defendants - Appellees.

No. 16-1014
(D.C. No. 1:15-CV-01453-RPM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS** and **SEYMOUR**, Circuit Judges[**]
_____

Charles Furber sued the City of Pueblo and Sergeant Shelly Taylor on behalf of

his deceased daughter, Christina Furber, for damages under 42 U.S.C. § 1983

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable Neil Gorsuch heard oral argument but did not participate in the order and judgment due to his ascent to the United States Supreme Court. The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving this appeal. *See* 28 U.S.C. § 46(d); *see also United States v. Wiles*, 106 F.3d 1516, 1516 n* (10th Cir. 1997) (noting this court allows remaining panel judges to act as a quorum to resolve an appeal); *Murray v. Nat'l Broad. Co.*, 35 F.3d 45, 48 (2d Cir. 1994) (remaining two judges of original three judge panel may decide petition for rehearing without third judge), cert. denied, 513 U.S. 1082 (1995).

1

resulting from Sergeant Taylor's alleged violation of Ms. Furber's Fourth Amendment rights prior to her death. He also requested injunctive relief against the City and Captain Don Leach, a detective with the Pueblo County Sheriff's Office who investigated Ms. Furber's death, claiming they defamed Ms. Furber by their reports to the media about her death. The district court granted defendants' motions under Fed. R. Civ. P. 12(b)(6) to dismiss all claims. We affirm in part and reverse in part.

## I.

When reviewing a Rule 12(b)(6) dismissal, we set forth the facts as alleged by Mr. Furber in his complaint. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). At approximately 9:45 p.m. on Monday, September 8, 2014, Sergeant Shelly Taylor was driving home in her personal vehicle after completing her shift as a police officer for the City of Pueblo. Sergeant Taylor was no longer in her jurisdiction when a red sports car, driven by Christina Furber, passed her at a high rate of speed. She observed the car driving aggressively and suspected the driver might be under the influence. She followed the red car to a private residence, the home of Ms. Furber's parents, Charles and Carolyn Furber, where she observed the car drive toward a horse barn located behind the house. The driveway of the residence splits in two, with one part going in front of the house and the other going to a private parking area on the side and back of the house toward the barn. When Sergeant Taylor arrived at the property, she steered her car down the driveway leading to the barn and

2

parked near a horse trailer. She then observed Ms. Furber emerge from behind the barn.

Sergeant Taylor was in her police uniform and she directed Ms. Furber to sit on the horse trailer while she called 911. While Sergeant Taylor was on the phone, Ms. Furber identified herself and offered to retrieve her license from the car. As the encounter continued, however, Sergeant Taylor reported to the 911 operator that Ms. Furber was being uncooperative. She ordered Ms. Furber to stop digging in her purse and then moved to handcuff her, at which point a physical struggle ensued. During the melee, Ms. Furber and Sergeant Taylor exchanged gunfire. Neither was injured and Ms. Furber fled on foot while Sergeant Taylor called 911 again to update responding deputies on what had occurred.

Pueblo County deputies arrived shortly thereafter to search the area, but they were unable to locate Ms. Furber. The next morning investigators received a call from the Furbers' neighbor, who reported someone hiding in his car. Police arrived and found Ms. Furber's body in the trunk of the car. She had suffered a gunshot wound to the head. After completing the investigation at the scene, deputies released Ms. Furber's body to the county coroner who determined that her death was the result of suicide.

Charles Furber brought this action as personal representative of his deceased daughter's estate. He contends that Sergeant Taylor violated Ms. Furber's Fourth Amendment rights by wrongfully entering the Furbers' property and seizing Ms. Furber without a warrant, and that the City failed to properly train officers in the use

3

of force, resulting in Ms. Furber's death.  In addition to damages, Mr. Furber sought an injunction requiring the City and Captain Leach to correct their alleged "false reports" regarding the incident.  He also requested that the City be required to discipline Sergeant Taylor, to publish the discipline, and to report Sergeant Taylor's Fourth Amendment violations to news media.

The district court granted defendants' motions to dismiss.  The court assumed that a Fourth Amendment violation had occurred and that Ms. Furber's death was the result of an "accidental discharge," as alleged by Mr. Furber, but it held that the claim failed as a matter of law because "it is not plausible that this presumed . . . violation caused" Ms. Furber's death.  Aplt. App. at 120.  The court denied Mr. Furber's request for injunctive relief because "a claim for injury to reputation is not actionable after death." *Id.*  The court subsequently denied Mr. Furber's Rule 59(e) motion and his request to amend the complaint.  Mr. Furber appeals.

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6).  *Albers v. Bd. of Cty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014).  We review for abuse of discretion the court's denial of a Rule 59(e) motion and a request to file an amended complaint.  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).[1]

---

[1]  As a preliminary matter, defendants ask that we affirm the district court's order because plaintiff failed to provide copies of the motions, responses, and replies related to the district court's ruling as required by 10th Circuit Rule 10.3.  In response, Mr. Furber filed a Motion to Supplement the Appendix.  The rule makes clear that we have discretion to consider an issue despite shortcomings of the record. 10th Cir. R. 10.3(b)

## II.

In granting the motion to dismiss, the district court assumed that Sergeant Taylor's seizure of Ms. Furber occurred in the curtilage of the Furbers' home[2] and that the seizure violated the Fourth Amendment because no exigent circumstances justified entry.[3] For purposes of this appeal, we will also assume there was a Fourth Amendment violation.

The district court dismissed the § 1983 claim because it was "not plausible that [the] presumed Fourth Amendment violation *caused* the death of Christina Furber." Apt. App. at 120 (emphasis added). As the court explained:

> Accepting that the gun discharged by accident, the fact is that she fled the scene after seeing that Sgt. Taylor was in full police uniform. That fact destroys any chain of causation. . . . It is undisputed that she shot at Sgt. Taylor who also shot at her and Christina's flight was not to protect herself but was to avoid any arrest.

---

("when the party asserting an issue fails to provide a record sufficient for considering that issue, the court *may* decline to consider it) (emphasis added). Notwithstanding plaintiff's failure to timely designate a proper record, we decline to dismiss the appeal on that basis. We grant plaintiff's motion to supplement.

[2] Whether a seizure occurred within the curtilage of the Furbers' home requires resolution of fact issues that cannot be decided as a matter of law at this stage of the proceedings. See *United States v. Swepston*, 987 F.2d 1510, 1513 (10th Cir. 1993) *overruled in part on other grounds* by *United States v. Cousins*, 455 F.3d 1116 (10th Cir. 2006); *see also*, *Knott v. Sullivan*, 418 F.3d 561 (6th Cir. 2005) (reversing summary judgment because there were genuine issues of material fact regarding whether officers were within curtilage).

[3] Hot pursuit is ordinarily not a justification for entry of a home to arrest someone for a misdemeanor when there is little risk of flight and no evidence that could be destroyed. *Mascarro v. Billings*, 656 F.3d 1198, 1207 (10th Cir. 2011).

*Id.* Although the district court did not specifically mention proximate cause, the phrase "chain of causation" is normally used in proximate cause analysis. *See Cleveland v. Piper Aircraft Corp.*, 890 F.2d 1540, 1555 (10th Cir. 1989). We agree with defendants' contention on appeal that, as a matter of law, they cannot be liable for Ms. Furber's death because Sergeant Taylor's presumed Fourth Amendment violations were not the proximate cause.

Section 1983 imposes liability on anyone who *causes* a constitutional deprivation while acting under color of state law. 42 U.S.C. § 1983. Courts employ general tort principles of causation in § 1983 cases to determine whether a defendant's constitutional violation caused a plaintiff's damages. *Monroe v. Pape*, 365 U.S. 167, 187 (1961) ("Section 1983 should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions"), *overruled in part on other grounds* by *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Mr. Furber must therefore prove that defendants' constitutional violations were both the cause-in-fact and the proximate cause of Ms. Furber's injuries. *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006); *Bodine v. Warwick*, 72 F.3d 393, 400 (3d Cir. 1995). There is no reason to believe that Ms. Furber would have shot herself, accidentally or intentionally, in the back of her neighbor's car but for her encounter with Sergeant Taylor. While there is thus no doubt that Sergeant Taylor's presumed constitutional violations were the cause-in-fact of Ms. Furber's death, Sergeant Taylor's actions were not the proximate cause.

As Justice Kennedy recently noted,

6

[p]roximate cause is often explicated in terms of foreseeability or the scope of the risk created by the predicate conduct. A requirement of proximate cause thus serves, *inter alia*, to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity."

*Paroline v. United States*, 134 S. Ct. 1710, 1719 (2014) (internal citations omitted).

In circumstances where the defendant's conduct does not directly cause the plaintiff's injuries, i.e., where there is an intervening force between the defendant's violation and the plaintiff's injuries, the defendant is nevertheless liable if the intervening force was reasonably foreseeable. *Trask* 446 F.3d at 1046-47; *see also* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 44 at 303-04 (5th ed. 1984). If the intervening force was unforeseeable, on the other hand, it supersedes the defendant's violation, thereby breaking the causal chain and relieving the defendant of liability. KEETON ET AL., *supra* § 44 at 311-12; *Trask*, 446 F.3d at 1046-47.

The RESTATEMENT (SECOND) OF TORTS § 442 provides a number of considerations important in determining whether an intervening force is a superseding cause. One such consideration is whether the intervening force "brings about harm different in kind from that which would otherwise have resulted from the [wrongful act]." *Id*. § 442(a). Another consideration is whether the "operation [of the intervening force] or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation." *Id*. § 442(b). The case of *Cameron v. City of Pontiac*, 813 F.2d 782

7

(6th Cir. 1987), is an example of the application of such considerations in the Fourth Amendment context. In *Cameron,* the Sixth Circuit held that police officers' allegedly unjustifiable use of excessive force was superseded when a burglary suspect fled from the officers onto an expressway where he was struck by a car and killed. *Id.* at 784. The officers were not liable for the death notwithstanding their constitutional violations because the death was the result of an unforeseeable intervening force occurring between it and the alleged violations. *Id.* at 786.

It is equally clear here that Ms. Furber's death was an unforeseeable result of Sergeant Taylor's Fourth Amendment violations.[4] It was not reasonably foreseeable that Sergeant Taylor's unlawful entry onto the Furbers' property or her wrongful seizure of Ms. Furber would result in Ms. Furber accidentally or intentionally shooting herself. Similarly, while the City could potentially be liable for policies, customs, or practices that deprived Ms. Furber of her constitutional rights, *see Monell,* 436 U.S. at 690-92, the City's liability for her death is also limited by the proximate cause doctrine.

Nevertheless, the district court should not have granted defendants' motion to dismiss. At a minimum, the court should have acknowledged that if Sergeant Taylor

---

[4] Proximate cause is normally a question to be determined by the trier of fact. However, if the relevant facts are undisputed "and reasonable persons could not differ about the application to those facts of the legal concept of 'proximate cause,' the court determines that issue." KEETON ET AL., *supra* § 45 at 321; *see also Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 855 (10th Cir. 2003). While the manner of death, accident or suicide, is in dispute in this case, the cause of death is not. Reasonable persons could not differ about the application of the proximate cause doctrine to Ms. Furber's death.

violated Ms. Furber's Fourth Amendment rights, nominal damages were an appropriate remedy. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978) (holding "[c]ommon-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of a nominal sum of money"). Moreover, plaintiff also sought damages for Ms. Furber's "emotional distress" and "pain and suffering before death." Aplt. App., vol. I at 14. These pre-death damages should be considered if the district court finds that Ms. Furber's Fourth Amendments rights were violated.

Finally, Mr. Furber seeks injunctive relief against the City and Captain Leach as a remedy for publication of alleged false reports impugning the reputation of Ms. Furber after her death. The district court properly dismissed this claim because "the civil rights of a person cannot be violated once that person has died." *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 749 (10th Cir. 1980); *see also* RESTATEMENT (SECOND) OF TORTS § 560 (Am. Law Inst. 1979) ("One who publishes defamatory matter concerning a deceased person is not liable either to the estate of the person or to his descendants. . . .").

We REVERSE and REMAND for further proceedings in accordance with this opinion.

Entered for the Court


Stephanie K. Seymour
Circuit Judge

9